UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICKY THOMPSON,

                              Plaintiff,                    17-CV-700Sr

v.

NANCY A. BERRYHILL
**Acting Commissioner of Social Security,**

                              Defendant.

---

## DECISION AND ORDER

        As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #13.

## BACKGROUND

        Plaintiff applied for disability insurance benefits with the Social Security Administration ("SSA"), on September 6, 2013, alleging disability beginning January 15, 2012, when he was 44 years old, following an ST-Elevation Myocardial Infarction with resulting ischemic cardiomyopathy. Dkt. #6, pp.78, 185 & 260. On July 24, 2013, Plaintiff underwent successful implantation of an implantable cardioverter defibrillator ("ICD"), with successful defibrilation through his ICD on October 23, 2013. Dkt. #6, p.254 & 258.

On January 19, 2016, plaintiff, represented by counsel, appeared and testified, along with an impartial vocational expert, Michele Erbacher, before Administrative Law Judge ("ALJ"), Lynette Gohr. Dkt. #6, pp.44-76. Plaintiff testified that he was able to drive and that he went to the gym and walked on the treadmill for 20-25 minutes approximately twice a week. Dkt. #6, pp.49-51 & 54. Plaintiff also testified that he worked three hours a week three days a week at his church beginning in November of 2014. Dkt. #6, pp.51-52 & 57. He would open the church, greet people, vacuum, clean bathrooms and wipe down tables. Dkt. #6, pp.52-53 & 57-59. He was unable to work more than this because of shortness of breath and fatigue. Dkt. #6, p.54 & 60. He lived with his wife, his 6 year-old daughter, his mother-in-law and her sister. Dkt. #6, p.54. He helped his mother-in-law and her sister get to doctor's appointments and assisted them with meals during the day when his wife was at work. Dkt. #6, pp.54-55 & 61. He also washed laundry, washed dishes and vacuumed at home. Dkt. #6, pp.62 & 66. Since his heart attack, plaintiff testified that a service was responsible for lawn mowing and snow removal. Dkt. #6, pp.67-68.

When asked to assume that plaintiff is limited to sedentary[1] exertion and could only occasionally kneel, crouch, crawl, stoop or climb ramps and stairs and could never climb ladders, ropes and scaffolds or work around hazards such as moving

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary is walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

mechanical parts or unprotected heights and could never work around strong electromagnetic fields, the vocational expert testified that plaintiff could perform the jobs of addressing clerk, tube operator and call out operator, each of which were unskilled sedentary positions. Dkt. #6, pp.73-74.

The ALJ rendered a decision that plaintiff was not disabled on February 29, 2016. Dkt. #6, pp.11-26. The Appeals Council denied review on May 30, 2017. Dkt. #6, p.5. Plaintiff commenced this action seeking review of the Commissioner's final decision on July 26, 2017. Dkt. #1.

**DISCUSSION AND ANALYSIS**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful

activity since January 15, 2012; (2) plaintiff's coronary artery disease, ischemic cardiomyopathy status, post ICD placement, acute myocardial infarction, hypertensive vascular disease and obesity constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform sedentary work with the following limitations: he can occasionally kneel, crouch, crawl, stoop, climb ramps and stairs, but cannot climb ladders, ropes or scaffolds or work around hazards such as moving mechanical parts and unprotected heights or work around strong electromagnetic fields; and (5) plaintiff could not perform his past relevant work as a hospital transporter and nurse's assistant, but retained the functional capacity to work in unskilled, sedentary positions such as tube operator or call out operator and was not, therefore, disabled within the meaning of the SSA. Dkt. #6, pp.16-26.

Plaintiff argues that the ALJ's decision is not based upon substantial evidence because the ALJ relied upon the opinion of a consulting examining physician who performed a cursory examination of plaintiff and did not possess plaintiff's medical records. Dkt. #7-1, pp.12-14. Plaintiff further argues that the consulting examining physician's opinion as to "moderate" limitations was vague. Dkt. #7-1, pp.14-15. Finally, plaintiff argues that the basis for the ALJ's determination that plaintiff's limitations were different than found by the consulting examining physician is unclear and that the ALJ should not have used plaintiff's activities of daily living as evidence for his assessment of plaintiff's RFC. Dkt. #7-1, pp.15-16.

The Commissioner responds that the ALJ appropriately relied upon the clinical findings to assess plaintiff's RFC. Dkt. #9-1, pp.22-24. The Commissioner further responds that the ALJ appropriately determined that plaintiff's subjective complaints were not consistent with the medical evidence and plaintiff's activities of daily living. Dkt. #9-1, pp.24-28.

The ALJ's determination is supported by substantial evidence in the record and based on a correct legal standard. Although the regulations require the SSA to give the consultative examiner "any necessary background information" about the plaintiff's condition, this language does not amount to a requirement that every consulting physician be provided with all of a claimant's medical records and history or that the physician report that he viewed such records. *Wilson v. Comm'r of Soc. Sec.*, 17-CV-1003, 2018 WL 4901070, at *3 (W.D.N.Y. Oct. 9, 2018). Instead, a complete consultative examination report is required to include a plaintiff's primary complaints, a description of the history of those complaints, examination findings, laboratory or other test results, a diagnosis and prognosis, and a statement about what the claimant can do despite his impairments. *Id.* at *4, *citing* 20 C.F.R § 404.1519n(c)(1)-(6). Dr. Balderman's consultative examining report satisfies these requirements. Dkt. #6, pp.499-501. Thus, even assuming that Dr. Balderman lacked access to plaintiff's medical records, his opinion is entitled to consideration. Moreover, Dr. Balderman's opinion that plaintiff would have moderate limitation in lifting, carrying and climbing is not vague as it is based upon his consideration of plaintiff's symptoms and history of coronary artery disease following his physical examination of plaintiff. *See Tudor v.*

*Com'r of Soc. Sec.,* 12-CV-2795, 2013 WL 4500754, *12 (E.D.N.Y. Aug. 21, 2013) (mere use of the phrase "moderate limitations" does not render a consulting medical examiner's opinion vague or non-substantial for purposes of the ALJ's RFC determination where opinion was supported by objective medical findings).

The ALJ gave some weight to Dr. Balderman's opinion that plaintiff would have moderate limitation in lifting, carrying and climbing due to coronary artery disease, but determined that the record demonstrated "greater limitation in consistent activity" than Dr. Balderman's opinion set forth. Dkt. #6, p.24. Repeated assessment of New York Heart Association class 2 symptoms[2] by plaintiff's treating physicians (Dkt. #6, pp.265, 298, 603, 607 & 645), and plaintiff's repeated complaints of shortness of breath upon exertion (Dkt. #6, pp.54, 60, 263, 539, 542, 562, 570 & 607), support the ALJ's determination that plaintiff's coronary artery disease imposed exertional limitations in addition to limitations on lifting, carrying and climbing. It is not error for the ALJ to credit plaintiff's testimony regarding his limitations in assessing a somewhat more restrictive RFC than a consultative examiner. *Kearney v. Berryhill*, 16-CV-652, 2018 WL 5776422, at *5 (W.D.N.Y. Nov. 2, 2018). Moreover, "[w]here an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." *Edwards v. Comm'r of Soc. Sec.*, 6:18-CV-6221, 2019 WL 1673486, at *8 (W.D.N.Y. April 17, 2019).

---

[2] New York Heart Association Class II grading indicates :"Slight limitation of physical activity. Ordinary physical activity results in fatigue, palpitation, dyspnoea or angina pectoris (mild CHF)."

The ALJ's determination that plaintiff could perform sedentary work with additional limitations is supported by substantial evidence. In the instant case, plaintiff was cleared to return to work on September 14, 2012 and was consistently assessed by treating medical providers as stable, with slight limitation of physical activity as evidenced by the determination that he suffered New York Heart Association class 2 symptoms. Dkt. #6, pp.265, 298, 565, 570, 603, 607, 645 & 650. The most recent assessment in the medical record, dated December 30, 2015, opined that plaintiff's ischemic cardiomyopathy was "very well compensated" and that his functional capacity was "mildly impaired relative to age/sex matched subjects." Dkt. #6, p.645. Plaintiff reported and testified to consistent exercise throughout his alleged period of disability, *to wit*, walking on the treadmill at more than 3.5 mph for approximately 30 minutes and/or lifting weights, albeit with shortness of breath, and was encouraged to maintain his exercise regime. Dkt. #6, pp.50-51,263, 265, 539, 542, 562 & 570. Plaintiff also reported shortness of breath ascending stairs, especially when he was carrying his daughter, who weighed approximately 40 pounds. Dkt. #6, p.542 & 607. Furthermore, plaintiff reported and testified that he was able to cook, clean, wash laundry, shop, provide child care and drive. Dkt. #6, pp.54-55, 61-62, 66, 210, 212, 496. Plaintiff worked at his church three hours per day, three days per week, greeting people and cleaning the church bathrooms, vacuuming, and wiping down tables. Dkt. #6, pp.52-54 & 57-59. It was entirely appropriate for the ALJ to consider these activities, as reported by plaintiff and set forth in contemporaneous medical treatment notes, in assessing plaintiff's credibility and capacity to engage in substantial gainful employment. *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. App'x. 5, 8-9 (2d Cir. 2017); *Lamorey v. Barnhart*, 158 Fed. App'x 361, 363-64 (2d Cir. 2006).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #7), is denied and the Commissioner's motion for judgment on the pleadings (Dkt. #9), is granted.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:**   **Buffalo, New York**
             **June 18, 2019**

                                              _s/ H. Kenneth Schroeder, Jr._
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**